Frazier, J.
John Orme commenced an action against the Cleveland & Marietta Railroad Company in the court of common pleas. Summons was served, as appears in the return of the sheriff, upon T. C. Clark, a regular ticket and freight agent of the defendant, at Cambridge, Ohio. A motion was made to set aside the service of the summons; the reasons assigned were: “ Because defendant’s railroad and other property, at the time said summons was served, was, and still is, in the custody and under the control of, and its railroad was then and still is *512 being controlled and operated by a receiver, duly appointed and qualified; and the ticket and freight agent, T. C. Clark, referred to in said return, was then, and is now, the ticket and freight agent of said receiver, and not the agent of defendant.”
■ The error assigned is the refusal of the court below to set aside the return.
The bill of exceptions contains the facts. They are substantially, that “ on the 2d day of February, 1885, an order and decree was duly made and entered by the court of common pleas, by and in which it was adjudged and decreed that Phineas Pease, Esq., was duly appointed receiver of said road; who was thereupon duly qualified by said court, and entered upon the discharge of his duties as such receiver, and took possession and control of said Cleveland & Marietta Railroad and all other property of said railroad corporation ; and thereupon commenced operating and continued to operate said railroad up to and after the time of the alleged service of said summons, in the manner they were alleged to have been served in the return of the sheriff written thereon. When said receiver commenced to operate said railroad, he assumed control of all the employes then in the employ of said railroad corporation, retaining some and discharging others, and so continued from his said appointment until and after said alleged service of said summons. And soon after said receiver commenced operating said railroad, as aforesaid, among others, the regular ticket and freight agent of said railroad company, then in charge of its station at Cambridge, in said county, was removed from said position, and the T. C. Clark, referred to in said return, was appointed by said receiver as ticket agent in his stead, at said station, and thereupon entered upon the duties of- his appointment, and thereafter acted as the regular ticket and freight agent, at said place, and was so acting at the time of said alleged service of said summons.
“ Said receiver required said T. C. Clark and all others employed in the operation of said railroad, during the time aforesaid, who received or disbursed moneys, to execute to him a bond, with sureties, for the faithful discharge of their said duties. The foregoing being all t,he facts relating to the question made by said motion.”
*513 The question may be then made by this evidence, whether Clark, the ticket agent, upon whom the service was made, was the ticket agent of the corporation, within the meaning of section 5044, of the Revised Statutes, which provides : “ A summons against a corporation may be served upon the president, etc.', * * * * and if such corporation is a railroad company, * * * the summons may be served on any regular ticket or freight agent thereof.”
Section 3415 of the Revised Statutes provides, under the head of Receivers: “ When a line of railroad * * has been placed by order of court in the hands of a receiver, who has taken charge of, and is operating the same, * * such receiver may, in his official capacity, sue or be sued in the courts of this state.” * *
Section 3416 provides : “ Actions may be brought against the receiver of a railroad in any county, through or into which the road is constructed, and service of summons may be had upon the receiver, or upon the superintendent of the road, or upon any ticket or freight agent who is in the employment of, or acting for the receiver.” * *
We have referred to the provisions of section 3416 for the purpose of showing that there may be a ticket agent in the employ of the receiver as distinct from the corporation.
In the language of section 5044, “ the summons may be served upon an regular ticket or freight agent thereof.”
To constitute a good service against a corporation, the ticket agent must be an agent thereof. We refer also to the language of Judge Day, in Meara v. Holbrook, 20 O. S., 145. The main question in that case was, whether an action may be maintained against a receiver for the negligence of himself or his agents. The judge says : “ Nor do we think the receivers can be exempted from liability as claimed in argument, on the ground that they are agents or trustees ; for, as to the public, and their employes, they do not stand in either of these capacities. As to them the receivers had no tangible principal behind them. They were the governing power in operating the road, by virtue of the authority conferred upon them as receivers. From the time of their appointment they had supreme control in relation to the running of the *514 cars on the road. They alone had authority to employ, direct, control, and dismiss the various agents employed by them to operate the road. They hired Meara, as a laborer, to work for them, in the discharge of their duties as receivers. He was their servant, and they could direct his services, or dismiss him at their pleasure. Neither the railroad company, or any one else, after the receivers took possession of the road, could employ, direct, control, or dismiss, any of the employes of the receivers. Since, then, their agent had no other principal, and their servants no other master, the receiver stood in these respective relations to them. The employes of the receivers were their servants, in. the same unqualified sense that they would have been the servants of the railroad company if it had continued to operate the road, and had employed them in the same business.”
Now it should be remembered that section 5044 refers to the ticket or freight agent of the corporation, and that section 8416 refers to the ticket agent of a receiver, and shows, as we think, conclusively, the policy of the legislature of our state, to recognize both the ticket agent and freight agent of the corporation, and the ticket and freight agent of.the receiver. It is not necessary, they say, that a receiver represented a corporation. It is true, in one sense, he represents the corporation; but his authority to act is derived from his appointment as a receiver. He is not there at the election of the corporation.
He is there with a right to exercise the franchises of the corporation, and the statute provides for a suit against him for his' acts and the acts of his servants and employes in his capacity as receiver. -
It will not do to say that because that is a place that would have been filled by a ticket agent of the company or corporation, if it had not been in the hands of a receiver, that service upon him is good.
It should be borne in mind, that the authority conferred upon its freight or ticket agent is a statutory authority, and it must be served only upon the agent thereof, and not served upon the agent of the receiver. For these reasons we are of the opinion that the court of common pleas erred *515 in quashing this return, and for this reason the judgment of the court of common pleas is reversed.
Mathews & Meade, for plaintiff in error.
Steele & Rosemond, for defendant in error.